IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ROLICO AVIATION LIMITED, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. CIV-07-1075-C |
| ) | |
| MANSFIELD HELIFILGHT, INC., ) | |
| and ERIC D. CHASE, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION & ORDER

Plaintiff Rolico Aviation Limited is a business incorporated in Ireland. In this suit, Rolico that complains that Defendants Mansfield Heliflight Inc. and its president Eric D. Chase breached a contract to sell it a helicopter by refusing to deliver that aircraft and retaining $200,000.00 paid by Rolico towards the purchase price. Defendants' Motion to Dismiss Complaint or Alternatively Transfer for Improper Venue (Dkt. No 5) is presently before the Court. Defendants contend that the Purchase Agreement at the heart of the dispute contains a mandatory forum selection clause providing the courts of Vermont with exclusive jurisdiction and, alternatively, that they have insufficient contacts with Oklahoma and this federal district to support personal jurisdiction and venue. Rolico has responded.

With respect to Defendants' principal argument, the Court finds that they have not shown that the parties agreed to the Vermont forum selection clause. A motion to dismiss based on a forum selection clause is typically analyzed as one for improper venue under Rule 12(b)(3). K & V Scientific Co. v. Bayerische Motoren Werke Aktiengesellschaft, 314 F.3d 494, 497 (10th Cir. 2002). To enforce a forum selection clause, a court must find that the forum selection

clause (1) was part of the agreement between the parties and (2) is enforceable. Hugger-Mugger, L.L.C. v. Netsuite, Inc., No. 2:04-CV-592TC, 2005 WL 2206128, at *4 & 7 (D. Utah Sept. 12, 2005). With respect to the latter, forum selection clauses are presumptively valid. M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 12-13 (1972). The party challenging the clause bears a "heavy burden of proof" and must "clearly show that enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching." Id. at 15. To the extent that a factual conflict arises, the trial court must draw all reasonable inferences in favor of the non-moving party and resolve all such conflicts in favor of the non-moving party. Murphy v. Schneider Nat'l, Inc., 362 F.3d 1133, 1138 (9th Cir. 2004) (collecting authority); see also Pierce v. Shorty Small's of Branson Inc., 137 F.3d 1190, 1192 (10th Cir. 1998) (allowing the plaintiff to rely on well-pled allegations to the extent not controverted by the defendant's affidavit); 5B Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1352 (3d ed. 2007).

In this case, a dispute exists as to what version of the forum selection clause controls. Following negotiations regarding the purchase of a helicopter, a Rolico employee e-mailed Chase on October 9, 2006:

> Hi Eric
> Please find attached copy of purchase agreement plus discrepancy list, please sign purchase agreement and return hard copy to me which I will then sign and return. In the mean time [sic] [I] will be arranging finances.
>
> I will in the interim be arranging further lodgement of $100,000 USD to facilitate commencement of aircraft fit out.

(Dkt. No. 9, Pl.'s Resp. Ex. 1). The Purchase Agreement was attached as a Word document and contained the following paragraph 14: "This Purchase Agreement shall be governed by and construed in accordance with the laws of the United States and the venue of any dispute arising out of this contract shall lie in the Courts of the United States."  (Pl.'s Exs. 1 & 1-C.) Mansfield's Tina Lindberg e-mailed a PDF version of that same Purchase Agreement, unsigned, to Rolico on December 21, 2006.  Then on January 5, 2007, Lindberg e-mailed an executed Purchase Agreement that contained additions and changes, including a paragraph 14 that read: "This Purchase Agreement shall be governed by and construed in accordance with the laws of the United States and the venue of any dispute arising out of this contract shall lie in the Courts of Vermont."  (Pl.'s Ex. 4-A.)

There is no evidence that Plaintiff accepted the terms of the modified Purchase Agreement or, in particular, agreed to the exclusive jurisdiction of Vermont courts.  Because Defendants have not shown that their agreement with Plaintiff included a provision that disputes be litigated in Vermont, their forum selection clause argument fails.

Defendants make a more compelling case for dismissal for lack of personal jurisdiction. They argue that the only connection this breach of contract case has to Oklahoma is the escrow agent's presence here.  Chase states in his affidavit:  "Any deposit funds paid by Plaintiff were made directly to Mansfield.  Subsequent to Plaintiff's default, Plaintiff may have placed funds in escrow in Oklahoma at their choosing but Mansfield had no direct relationship with nor took funds from such escrow agent."  (Defs.' Ex. 1, ¶ 6.)  And they contend that they have no other

3

contacts with Oklahoma apart from occasional filings with the Federal Aviation Administration or use of Oklahoma escrow agents to close transactions.  (Id. ¶ 7.)

In response, Rolico challenges the accuracy of Defendants' account.  It notes that both versions of the Aircraft Purchase Agreement specify that closing will require the services of the Oklahoma escrow agent.  It is not clear from Rolico's brief and there is no evidence related to how or why the Oklahoma agent was selected.  However, Rolico has attached correspondence from Chase:  demanding that Rolico transfer the balance due to the escrow agent; stating that Mansfield had been notified by the agent that certain funds were received; and stating that Mansfield had notified the agent that Rolico was still in default and was intending to instruct that the refundable portion of funds be returned to Rolico.  (Pl.'s Exs. 10-12.)  Rolico argues:

> [A]lthough it was Rolico that transferred funds into escrow . . . in Oklahoma City, it did so in reliance on the specific provisions of the Aircraft Purchase Agreement and at the direction of Defendants. . . .  Rolico's deposits into escrow . . . were made to effectuate the closing of the transaction with Defendants and thus to benefit Defendants.  Clearly, through its dealings with Rolico, Defendants purposefully availed themselves of conducting business in Oklahoma.

(Pl.'s Resp. at 9.)

Federal Rule of Civil Procedure 12(b)(2) authorizes dismissal of a complaint for lack of personal jurisdiction.  When a defendant challenges a court's personal jurisdiction in a motion to dismiss, the plaintiff bears the burden of establishing that the court's exercise of personal jurisdiction over the defendant is proper.  OMI Holdings, Inc. v. Royal Ins. Co. of Canada, 149 F.3d 1086, 1091 (10th Cir. 1998).  Absent an evidentiary hearing, the plaintiff need only make a prima facie showing of personal jurisdiction to survive a Rule 12(b)(2) motion.  Id.  A prima

facie showing may be made based on uncontroverted, well-pled allegations in the complaint as well as evidence. Ten Mile Indus. Park v. W. Plains Serv. Corp., 810 F.2d 1518, 1524 (10th Cir. 1987).

> [A] district court relying on documentary evidence in its consideration of a motion to dismiss [for lack of personal jurisdiction] may not weigh the factual evidence. Thus, the determination involves an application of the law to the facts as set forth in the affidavits and complaints, favoring the plaintiff where a conflict exists, as well as a determination as to the legal sufficiency of plaintiff's jurisdictional allegations in light of the facts presented.

Id. A plaintiff may request limited discovery for the purpose of establishing personal jurisdiction. Far W. Capital, Inc. v. Towne, 46 F.3d 1071, 1077 n.5 (10th Cir. 1995).

Personal jurisdiction is determined by the laws of the forum state, Oklahoma, and the Due Process Clause of the Fourteenth Amendment. See Far W. Capital, 46 F.3d at 1074 (discussing analysis of personal jurisdiction in diversity cases). The two-part inquiry collapses into the due process analysis because Oklahoma's long-arm statute extends jurisdiction to constitutional limits. Rambo v. Am. Southern Ins. Co., 839 F.2d 1415, 1416 (10th Cir. 1988); 12 Okla. Stat. § 2004 (F). Under that constitutional analysis, a federal court may exercise personal jurisdiction over a nonresident defendant so long as (1) there exist minimum contacts between the defendant and the forum state and (2) maintenance of the suit does not offend traditional notions of fair play and substantial justice (i.e., is reasonable). Melea Ltd. v. Jawer SA, 511 F.3d 1060, 1065-66 (10th Cir. 2007).

> Establishment of minimum contacts with the forum state requires a showing that the defendant "purposefully avail[ed] itself of the privilege of conducting activities within the forum State...." Purposeful establishment of minimum contacts assures a reasonable expectation in the out-of-state defendant

>that he might be brought into court in the state where he sought to do business . . . and invokes the benefits and protections of the forum state's laws . . . .  In turn, the purposeful availment requirement also ensures that a defendant will not be subject to the laws of a jurisdiction "solely as a result of random, fortuitous, or attenuated contacts, or of the unilateral activity of another party or a third person."

AST Sports Sci., Inc. v. CLF Distribution Ltd., ___ F.3d ___, 2008 WL 217722, at *3 (10th Cir. Jan. 28, 2008) (citations omitted).

Specific jurisdiction exists if Defendants "'purposefully directed'" their activities at residents of Oklahoma and the litigation results from injuries that "'arise out of or relate to'" those activities.  Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472 (1985) (citations omitted). In general jurisdiction cases, the court may exercise personal jurisdiction over defendants based on the defendants' general business contacts with the forum state and not because a particular forum-related activity gave rise to the claims.  See Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 415-16 (1984).

As it stands, Rolico has not made a prima facie case that personal jurisdiction exists. Because this is a contract case, the Court is required to consider "'prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing'" to determine whether minimum contacts exist.  AST Sports Sci., ___ F.3d ___, 2008 WL 217722, at *3 (quoting Burger King, 471 U.S. at 479).  Although the parties clearly contemplated and made use of the services of an Oklahoma escrow agent, that alone does not indicate "purposeful availment" by Defendants.  There is no evidence that Defendants selected the Oklahoma agent.  Cf. Far W. Capital, 46 F.3d at 1076 (finding that location of

contractually-required escrow account in the forum did not suffice as minimum contacts when the location was selected by the plaintiff).  And limited communication with that agent while attempting to close the transaction will not amount to minimum contacts.  Moreover, Mansfield's admitted occasional business in the state will not support assertion of general jurisdiction absent quantification.

However, Rolico has asked for permission "to conduct limited discovery into Defendants' contacts with the state of Oklahoma" on the belief that it would "further establish specific and/or general jurisdiction over Defendants." (Pl.'s Resp. at 11, n.2.) Rolico is instructed to file a plan of discovery with the Court identifying what discovery is requested and how long it will take.  Defendants will have an opportunity to comment.

## CONCLUSION

Accordingly, Defendants' Motion to Dismiss Complaint or Alternatively to Transfer for Improper Venue is HELD IN ABEYANCE. The parties are instructed to confer regarding Rolico's proposed discovery.  Rolico is responsible for filing its discovery plan, noting Defendants' objections and whether a scheduling conference is desired, with the Court no later than March 17, 2008.

IT IS SO ORDERED this 5th day of March, 2008.

ROBIN J. CAUTHRON
United States District Judge